IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY SCHEIDEMANTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-0331 |
| | ) |
| SLIPPERY ROCK UNIVERSITY, STATE SYSTEM OF HIGHER EDUCATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

### SYNOPSIS

Pending is Defendant's, Slippery Rock University, State System of Higher Education's ("SRU"), Motion for Summary Judgment regarding Plaintiff's claims of gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII"), and under the Pennsylvania Human Relations Act, 43 P.S. §951, *et seq.* ("PHRA").  (Docket No. 30).  Plaintiff filed a Brief in Opposition. (Docket No. 36).  Based on my opinion set forth below, said Motion (Docket No. 30) is granted.

### I. BACKGROUND

Plaintiff, Judy Scheidemantle, was initially employed by SRU as a groundskeeper in 1990.  Plaintiff is currently employed by SRU as a labor foreman

1. SRU posted a locksmith position on or about March 10, 2003. The position required two years experience or any equivalent of experience and training. The posting identifies the minimum experience and training requirement as two years of experience as a locksmith or equivalent combination of experience and training. Plaintiff applied for this position. Plaintiff believes she is qualified for this position because she took a home study course in locksmithing through Harcourt Learning Systems. Plaintiff's studies were the equivalent of approximately 205 contact hours of credit. Plaintiff did not take any other studies regarding locksmithing. Plaintiff never worked in any capacity as a locksmith. Plaintiff was not hired for this position.

Plaintiff also claims that on June 29, 2004, she applied for a locksmith position which was posted on or about June 23, 2004. The posting dated June 23, 2004, lists the minimum experience and training requirements to include three years of experience in the locksmith trade or any equivalent. SRU did not conduct interviews for this posted locksmith position. Plaintiff was not hired for this position.

Plaintiff initiated her action in this Court on March 5, 2004. (Docket No. 1). She filed a Second Amended Complaint on December 3, 2004. (Docket No. 21). Therein, Plaintiff claims that she was discriminated against based on her gender by failing to promote her to the locksmithing positions in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq* ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §951 ("PHRA").[1] *See,* Second Amended Complaint, Counts I-III. (Docket No. 21). Plaintiff also filed a claim for retaliation in violation of Title VII. *See,* Second

---

[1]Plaintiff's PHRA claim only relates to the 2003 job posting.

Amended Complaint, Count IV. (Docket No. 21).

On March 14, 2005, SRU filed a Motion for Summary Judgment as to the Second Amended Complaint. *See,* Docket No. 30. Thereafter, Plaintiff filed a Brief in Opposition. *See,* Docket No. 36. The case is now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, this Court must examine the facts in a light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir. 1987). The dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248

(1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.*

Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex,* 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324. Summary judgment must therefore be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988), *quoting Celotex*, 477 U.S. at 322.

B. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

SRU argues that anything other than that contained in Plaintiff's original charge filed with the administrative agency is barred for failure to exhaust and /or failure to exhaust prior to bringing her federal lawsuit. (Docket No. 33, pp. 2-8). These issues were considered previously by this Court when Plaintiff filed her Motions for Leave to file amended complaints. *See,* Docket Nos. 7, 13. In fact, the Motion for Leave to Join New Charges was discussed with counsel during a conference held on November 11, 2004. (Docket No. 17). This Court considered

these issues and for purposes of judicial economy decided to permit Plaintiff to amend her Complaint. *See,* Docket Nos. 7 and 18. As a result, SRU's Motion for Summary Judgment based the same is not warranted.

### C. <u>GENDER DISCRIMINATION UNDER TITLE VII AND THE PHRA</u>[2]

Title VII prohibits an employer from failing to hire, discharging, or otherwise discriminating against any individual because of the individual's gender. 42 U.S.C. §2000e-2. There are two avenues for proving a discrimination claim: (1) direct evidence under a "mixed motives" theory of liability, *Price Waterhouse v. Hopkins,* 490 U.S. 228 (1989), or (2) circumstantial evidence of discrimination under a burden shifting theory of liability. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). There is no direct evidence of discrimination. As such, I will analyze this case only under the *McDonnell Douglas* burden shifting theory of liability.

For Plaintiff to maintain a claim of discrimination in the workplace under the *McDonnell Douglas* burden shifting theory of liability, she must first establish a *prima facie* case. To establish a *prima facie* case of gender discrimination based on the failure to promote, a plaintiff must prove: (1) that she is a member of a protected

---

[2]It is well established in the Third Circuit that discrimination claims brought pursuant to Title VII and the PHRA are all analyzed similarly under the *McDonnell Douglas* "shifting burden" paradigm. *Goosby v. Johnson & Hohnson Medical, Inc.,* 228 F.3d 313, 318-19 (3d Cir. 2000); *Gomez v. Allegheny Health Services, Inc.,* 71 F.3d 1079, 1084 (3d Cir. 1995), *cert. denied,* 518 U.S. 1005 (1996) (the PHRA and Title VII are "construed consistently"); *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 157 (3d Cir.1995); *see, Kelly v. Drexel University,* 94 F.3d 102, 105 (3d Cir.1996); *Walton v. Mental Health Ass'n of Southeastern Pennsylvania,* 168 F.3d 661, 666 (3d Cir.1999); *Clark v. Commw. of Pa.*, 885 F.Supp. 649, 714 (E.D. Pa. 1995). Therefore, my analysis above, although expressed in general discrimination terms, applies equally to Plaintiff's claims of discrimination pursuant to Title VII and the PHRA.

class, (2) that she applied for and was qualified for the job, (3) that she was rejected, thereby suffering an adverse employment action, and (4) after the rejection, the position remained open and the employer continued to seek applications from persons of plaintiff's qualifications for the position. *Bray v. Marriott Hotels,* 110 F.3d 986, 989-90 (3d Cir. 1997), *citing McDonnell Douglas,* 411 U.S. at 802; *Pivirotto v. Innovative Systems, Inc.,* 191 F.3d 344, 353-56 (3d Cir. 1999). The primary purpose of evaluating the *prima facie* case is to "eliminate the most obvious, lawful reasons for the defendant's action." *Pivirotto,* 191 F.3d at 352, *citing Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253-54 (1981). If the plaintiff is successful in establishing a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for terminating her. If the defendant meets this minimal burden, then the plaintiff must prove, by a preponderance of the evidence, that the articulated reason was a mere pretext for discrimination. *Pivirotto,* 191 F.3d at 352 n.4; *Goosby,* 228 F.3d at 319.

   1. <u>*Prima Facie Case*</u>

SRU contends that Plaintiff cannot meet her initial burden of establishing a *prima facie* case of discrimination because she cannot demonstrate that she was qualified for the position. (Docket No. 33, pp. 10-13). At the *prima facie* stage, only objective job qualifications should be considered in determining a plaintiff's qualifications. *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729 (3d Cir. 1995). In response, Plaintiff cites to a Third Circuit case that she believes provides guidance on this issue. *See,* Docket No. 36, p. 15, *citing, Ezold v. Wolf, Block, Schorr and Solis-*

6

*Cohen,* 983 F.2d 509, 528 (3d Cir. 1992). After a review of the same, I disagree with Plaintiff. The section quoted by Plaintiff relates to the pretext stage, rather than the *prima facie* stage. As a result, I do not find it useful for this determination.

### a. **2003 Job Posting - Counts I and II**

The 2003 locksmith job, posted on March 10, 2003, identifies the minimum experience and training requirements: "Two years of experience as a locksmith or any equivalent combination of experience and training." (Docket No. 30, Ex. A). SRU did not create the objective criteria for this job. (Docket No. 30, Ex. D). The objective criteria was created by "a separate state entity." *Id.*

Plaintiff has never held a locksmith position. (Docket No. 30, Ex. C, p. 23). Thus, to qualify for the 2003 position, Plaintiff must have two years of experience and training combined. (Docket No. 30, Ex. A). Plaintiff feels that her formal education provides her with an "equal amount of experience...as two years." (Docket No. 30, Ex. C, p. 13). There is no doubt that Plaintiff completed a home study course in locksmithing. (Docket No. 37, Ex. 3, attachment 4). This course, however, was the equivalent of only 205 contact hours. Plaintiff has not taken any other studies regarding locksmithing. (Docket No. 30, Ex. C, p. 13).[3]

---

[3]Although not pointed to in her brief, Plaintiff seems to subjectively believe that she is qualified because she has carpentry skills, she is qualified for the locksmithing position. (Docket No. 37, ¶12). Unfortunately, we are at the summary judgment stage of litigation and Plaintiff has not provided any objective information surrounding her carpentry skills (i.e. when she possessed them, what they are, and their relevance to a locksmiting position). Subjective beliefs without more, however, are insufficient to overcome a motion for summary judgment at the *prima facie* stage. *See, Visnikar v. Dept. of Environ. Protection*, No. Civ. A. 02-963, 2004 WL 438688 *8 (W.D. Pa. Jan. 27, 2004) ("Plaintiff's own subjective opinion that she was qalified for a given position...is immaterial).

In opposition, Plaintiff further argues in a paragraph that because Plaintiff was approved for an interview, it is reasonable to infer that she was qualified for the position. (Docket No. 36, p. 16). I disagree. At most, it would be reasonable to infer that Plaintiff was potentially qualified. Consequently, I find no merit to this argument.

While I recognize that the burden of proof at the *prima facie* stage is not an onerous one, after reviewing the evidence in the light most favorable to Plaintiff, I find that there simply is no genuine issue of material fact as to whether she was qualified for the 2003 locksmith job. Therefore, Plaintiff has failed to establish her *prima facie* case. Thus, summary judgment in favor of SRU as to Counts I and II is appropriate.

   b.  **2004 Job Posting - Count III**

The 2004 locksmith job, posted on June 23, 2004, identifies the minimum experience and training requirements: "Three years of experience in the locksmithing trade or any equivalent combination of experience and training." (Docket No. 30, Ex. E). SRU did not create the objective criteria for this job. (Docket No. 30, Ex. G, ¶4). The objective criteria was created by "a separate state entity." *Id.*

Plaintiff applied for the 2004 locksmithing position. At that time Plaintiff had still never held a locksmith position. (Docket No. 30, Ex. F, p. 10). Thus, to qualify for the 2004 position, Plaintiff must have three years of experience and training combined, one more year than the 2003 locksmithing job requirements, for which I have already determined that Plaintiff was not qualified. (Docket No. 30, Ex. A).

Plaintiff admits that she has not had any additional classes or educational instruction other than that described for the 2003 job listing. (Docket No. 30, p. 9-10). Moreover, she has not had any other locksmithing experience since the 2003 posting. *Id.* As a result, I find that there simply is no genuine issue of material fact as to whether she was qualified for the 2004 locksmith job. Therefore, Plaintiff has failed to establish her *prima facie* case. Thus, summary judgment in favor of SRU as to Count III is appropriate.

### D. **RETALIATION UNDER TITLE VII - COUNT IV**

Plaintiff also claims she was retaliated against in June of 2004, in violation of Title VII. *See,* Second Amended Complaint, ¶¶49-55. Title VII declares that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees...because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

*Id.* In the Second Amended Complaint, Plaintiff specifically contends she was not promoted to the 2004 locksmith job, in retaliation for filing her charges of gender discrimination in April of 2003 with the EEOC and PHRC. *See,* Second Amended Complaint, at ¶¶49-53.

There are two avenues for proving a claim for retaliation: (1) direct evidence under a "mixed motives" theory of liability, or (2) circumstantial evidence of retaliation under a burden shifting theory of liability. *Woodson v. Scott Paper Co.,* 109 F.3d 913, 920 (3d Cir. 1997), *cert. denied,* 522 U.S. 914 (1997). There is no direct evidence of

9

retaliation. As a result, I will proceed with a burden shifting analysis under *McDonnell Douglas.*

To survive summary judgment under the burden shifting theory, Plaintiff must first establish a *prima facie* case of retaliation. "All that is required to establish a *prima facie* case of retaliatory discrimination is proof: (1) that the plaintiff engaged in a protected activity, (2) that the employer took an adverse action against [her], and (3) that a causal link exists between the protected activity and the employer's adverse action." *E.E.O.C. v. L.B. Foster Co.,* 123 F.3d 746, 754 (3d Cir. 1997), *cert. denied,* 522 U.S. 1147 (1998), *citing, Kachmar v. SunGard Data Sys. Inc.,* 109 F.3d 173 (3d Cir. 1997); *Woodson,* 109 F.3d at 920.

If Plaintiff satisfies this burden, the burden shifts to Defendant. Defendant must proffer a legitimate, nondiscriminatory reason for not promoting Plaintiff. *Woodson,* 109 F.3d at 920 n.2; *see also, Krouse v. American Sterilizer Co.,* 126 F.3d 494, 500-01 (3d Cir. 1997). "The employer's burden at this stage is 'relatively light: it is satisfied if the defendant articulates any legitimate reason for the adverse employment action; the defendant need not prove that the articulated reason actually motivated the action.'" *Krouse,* 126 F.3d at 500-01, *quoting, Woodson,* 109 F.3d at 920. Assuming that Defendants discharge this burden, the burden then shifts back to the employee who must establish that the proffered explanation is mere pretext for discrimination. In other words, "the plaintiff must be able to convince the fact finder both that the employer's proffered explanation was false, and that the retaliation was the real reason for the adverse employment action." *Krouse,* 126 F.3d

at 501, *citing Woodson,* 109 F.3d at 920. Accordingly, the employee must produce evidence that the "retaliatory animus played a role in the employer's decision making process and that it had a determinative effect on the outcome of that process." *Krouse,* 126 F.3d at 501, *citing Woodson,* 109 F.3d at 931-35.

With regard to the *prima facie* case, SRU argues that Plaintiff cannot establish the second and third elements. *See,* Docket No. 33, pp. 18-20. I address the third element first as I believe it is the threshold factor. Under the third element, the existence of a causal link "must be considered with a careful eye to the specific facts and circumstances encountered." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 n.5 (3d Cir. 2000). Case law has focused on two main factors in finding the causal link necessary for retaliation: timing and evidence of ongoing antagonism. *Farrell,* 206 F.3d at 281; see also *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920-21 (3d Cir.1997). Plaintiff relies on temporal proximity only to establish a causal connection. (Docket No. 36, pp. 21-22). "Temporal proximity" between the protected activity and the alleged retaliatory act may be, in itself, sufficient to support an inference of causation where the temporal relationship is "unusually suggestive" of retaliation. *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279-81(3d Cir. 2000). But, temporal proximity alone is insufficient where the timing is not "unusually suggestive." *Id*. at 280

The protected activity identified by Plaintiff in her Second Amended Complaint is the filing of charges against SRU with the EEOC and the PHRC in April of 2003. *See,* Second Amended Complaint, Docket No. 21, ¶¶49, 52, 53; *see also,* Docket No. 37, Ex. 7. The alleged adverse employment action was the failure to promote in June of

2004. *See,* Second Amended Complaint, Docket No. 21, ¶¶51-53. Based on the same, there is a 14 month time lapse between the protected activity and the alleged adverse employment action.

In opposition, Plaintiff confuses the dates and attempts to argue that it is the date of the initial filing in this Court (March 5, 2004) that should be the triggering point. Plaintiff cites to no authority for this point and I find no merit to the argument. In fact, this argument is contrary to the trigger date alleged by Plaintiff in the Second Amended Complaint, wherein Plaintiff properly sets forth and compares the date the "charges" were filed with the EEOC / PHRC (April, 2003) to the June, 2004, date.

Consequently, I find the 14 month lapse in time cannot support an inference of "unusually suggestive." Therefore, Plaintiff has failed to meet her *prima facie* case of retaliation under Title VII. Consequently, summary judgment in favor of SRU is as to Count IV is appropriate.[4]

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

---

[4] SRU also challenges Plaintiff's ability to meet the second element of a *prima facie* case of retaliation - adverse employment action. Because I find Plaintiff is unable to meet the third prong of her *prima facie* case, I need not address this issue.

12

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY SCHEIDEMANTLE,                             )<br>                                                              )<br>            Plaintiff,                              )<br>   -vs-                                               )<br>                                                              )   Civil Action No. 04-0331<br>                                                              )<br>SLIPPERY ROCK UNIVERSITY, STATE SYSTEM OF  )<br>HIGHER EDUCATION,                           )<br>                                                              )<br>            Defendant.                           ) | |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **18th** day of July, 2005, after careful consideration of the submissions of the parties and for the reasons set forth in the accompanying Opinion it is ordered that Defendant's Motion for Summary Judgment (Docket No. 30) is granted. Judgment is entered in favor of Defendant and against Plaintiff.

BY THE COURT:

s/Donetta W. Ambrose_____

Donetta W. Ambrose,
Chief U. S. District Judge