IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUDY SCHEIDEMANTLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 04-331 |
| | ) |
| SLIPPERY ROCK UNIVERSITY, STATE SYSTEM OF | ) |
| HIGHER EDUCATION, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

Pending are two Motions *in Limine.* (Docket Nos. 50 and 58). The first Motion *in Limine* was filed by Plaintiff. (Docket No. 50). Therein, Plaintiff seeks to exclude evidence relating to the EEOC and PHRC investigations and determination[1] pursuant to Rules 403 and 802 of the Federal Rules of Evidence. *Id.* While Plaintiff argues that her Motion is based on Rules 403 and 802, Plaintiff does not engage in any discussion whatsoever regarding Rule 802. *See,* Docket Nos. 50 and 51. Rule 802 is the hearsay rule.[2] Therefore, Plaintiff presumably objects to the introduction of the determination letters on the basis of hearsay. However, under Rule 803(8)(C), the

---

[1] I note from the outset that Plaintiff has failed to provide me the letters of determination and/or investigation files that it argues should be excluded. *Id.* Rather, she merely provides me with one sentence from the first EEOC letter: "Based upon the Commissions investigation, the Commission is unable to conclude that the information obtained establishes violations of the statutes." (Docket No. 51, p. 2).

[2] Rule 802 provides as follows: "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."

public records and report exception to the hearsay rule, provides that the following are not excluded by the hearsay rule: "(8) Records, reports, statements or data compilations, in any form, of public offices or agencies, setting forth...(C) in civil actions and proceedings...factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Civ. P. 803(8)(C); *See*, *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1341-42 (3d Cir. 2002)(listing factors to consider under a lack of trustworthiness analysis).  It is well established within the Third Circuit that "[wi]th respect to EEOC determinations in particular, the United States Supreme Court itself has held that prior administrative findings made with respect to an employment discrimination claim may be admitted, as of course, pursuant to Fed. R. Evid. 803(8)(C) as evidence at a 'federal-sector trial *de novo*.'"  *Coleman v. Home Depot, Inc.,* 306 F.3d 1333, 1341 (3d Cir. 2002), *quoting Chandler v. Roudebush,* 425 U.S. 840, 863 n.39 (1976).  Herein, Plaintiff does not attack specifically the trustworthiness of the determination letters at issue. (*See,* Docket Nos. 50 and 51). Therefore, I will assume the determination letters were trustworthy.

The conclusory argument set forth in Plaintiff's brief was that the determination letters should be excluded based on Rule 403.  (R. 51, pp. 3-4). According to Rule 403, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Unfair prejudice "means an undue tendency to suggest [a] decision on an improper basis, commonly, though not

necessarily, an emotional one." Advisory Comm. Notes to Rule 403.  This decision is left to my discretion and to be determined on a case-by-case basis.  *Coleman,* 306 F.3d at 1345.

In her brief, Plaintiff merely concludes that "the prejudice substantially outweighs any probative value." (Docket No. 51, p. 3).  Although she sets forth various "insufficiencies" for which other courts have excluded agency determination letters, she does not engage in any analysis or even suggest how she is prejudiced in this particular case by the introduction of the determination letters at issue here.  *See,* Docket No. 51.  As a result, I am left with having to guess as to which of the negative factors listed in Rule 403 "substantially outweighs" the probative value of the determination letters.  *Id.*  Nevertheless, I do find the probative value of the EEOC statement to be minimal.  The EEOC's inability to conclude that violations occurred based on an investigation, the extent of which is unknown, would offer little assistance to the jury.  The potential for prejudice, however, is greater.  Consequently, Plaintiff's Motion in Limine (Docket No. 50) is granted.

The second Motion *in Limine* was filed by Defendant. (Docket No. 58).  Defendant seeks to preclude the introduction of all evidence regarding Plaintiff's cancer, including Plaintiff's testimony, her medical records, and the testimony of her doctor. *Id.*  In response, Plaintiff states that she "does not intend to introduce any such evidence as part of her case in chief and has no objection to the Defendant's Motion being granted with respect to her case in chief." (Docket No. 61, p. 2).  Based on the same, I will grant Defendant's Motion *in Limine* (Docket No. 58).  Plaintiff requests, however, that said evidence may be necessary depending on the

questions asked by Defendant. For example, Plaintiff argues that said evidence may be necessary as rebuttal evidence to show additional stressor and/or reasons for failing to mitigate. To the extent Defendant raises these issues at trial, I will address said issues at that time.

<u>* * * * * * * * * * * * * *</u>

THEREFORE, this **16th** day of March, 2007, after careful consideration of the submissions of the parties, it is ordered that Plaintiff's Motion *in Limine* (Docket No. 50) is granted and Defendant's Motion *in Limine* (Docket No. 58) is granted as set forth above.

BY THE COURT:

<u>/S/   Donetta W. Ambrose</u>

Donetta W. Ambrose,
Chief U. S. District Judge